## Susan Hervey *vs.* George G. Moseley.

A parent cannot maintain an action for enticing away a daughter between the ages of twelve and eighteen from the parent's service, and procuring her marriage, without the plaintiff's consent, to a man of bad character, by fraudulent representations to the city clerk and to the magistrate.

At the trial of an action for unlawfully enticing away the plaintiff's daughter and fraudu-lently procuring her to be married, without the plaintiff's consent, and so depriving the plaintiff of her services and society, a defendant, who has denied in his answer each averment in the declaration, may object to the maintenance of the action, without hav-ing filed a demurrer under *St.* 1852, c. 312, § 17.

ACTION OF TORT. The declaration averred " that the defend-ant unlawfully enticed and procured the plaintiff's daughter, an infant under the age of fourteen years, to depart from and leave the plaintiff's service, and by false and fraudulent means, with-out the knowledge or consent of the plaintiff, procured her said daughter to be married to a person of bad character and disso-lute habits; by means whereof the plaintiff ever since hath been,

now is, and ever may be, deprived of the services, society and benefit of her said daughter." The answer denied in detail every averment in the declaration.

At the trial in the court of common pleas, before *Perkins,* J., it appeared that the plaintiff was a widow, and that her daughter, while in her charge and control, and being thirteen years of age, was married, without the plaintiff's consent, to Thomas J. Parton. It was admitted that this marriage had been held by this court to be valid.

The court admitted evidence of the bad character and conduct of Parton, notwithstanding the objection of the defendant that the gist of this action was the loss of service, and that the character of the husband could not affect the question.

The plaintiff offered evidence that the defendant fraudulently procured the marriage certificate from the city clerk of Lynn, by falsely representing to him that the said daughter was eighteen years of age; and also that he practised deception, in reference to such marriage, upon the magistrate who solemnized it, in order to induce him to solemnize it, when otherwise he would not have done it. To this the defendant objected that evidence of fraud or imposition on the part of the defendant was not competent, unless practised personally upon the daughter, and not upon a third person. But the court overruled the objection, and admitted the evidence.

Upon this evidence, the defendant asked the court to instruct the jury to find for the defendant, " because, 1st. The parent cannot maintain an action for marrying or procuring the marriage of the daughter with the daughter's consent; 2d. If such action can be maintained, fraud or imposition or duress must be shown to have been practised on the daughter, and none had been shown here; 3d. The mother, though a widow, could under no circumstances as such maintain this action; 4th. No evidence of actual service had been shown."

The court refused so to instruct the jury, but instructed them that, if they decided in favor of the plaintiff all the issues of fact made by the declaration and answer, they should find for her; "that the first and third points of law raised by the de-

fendant arose on the face of the declaration, went to the whole merits of the case, and might have been raised by demurrer; and as the defendant had put in no demurrer, and had made no issue of law in his answer, as required by the practice act of 1852, but had only raised and gone to trial on certain issues of fact, it was doubtful whether the court was called upon to rule upon the points thus made outside of those issues of fact; but so far as the court was called upon, under the pleadings, to rule on these points of law, the ruling, for the purposes of the trial, was intended to be made and was made in favor of the plaintiff's right to sustain her action, if she made out the case stated; that it was not necessary for the plaintiff to make out a large amount of actual service by said daughter; and that, although there was no direct proof of such actual service, the jury had a right to take into view all the circumstances proved in evidence; and if from them they were satisfied that the daughter had in fact done actual service for her mother, the plaintiff, that would be sufficient, though it might be a slight service." The verdict was for the plaintiff, and the defendant alleged exceptions.

*W. D. Northend,* for the defendant.

*S. B. Ives, Jr.* for the plaintiff. This action will lie on the general ground that the law will not suffer an injury without allowing a remedy. *Sutton* v. *Johnstone,* 1 T. R. 512. *Pasley* v. *Freeman,* 3 T. R. 63. *Birkley* v. *Presgrave,* 1 East, 226. *Rensselaer Glass Factory* v. *Reid,* 5 Cow. 628. *Adams* v. *Paige,* 7 Pick. 550. 1 Chit. Pl. (6th Amer. ed.) 109.

By the unlawful and fraudulent act of the defendant, the plaintiff has suffered damage in being deprived of the right which the statute gives her to consent or not to her daughter's marriage. Rev. Sts. *c.* 75, § 15. *Sts.* 1852, *c.* 254; 1853, *c.* 335. *Hills* v. *Hobert,* 2 Root, 48.

The case is also within the general principle of actions on the case for enticing away servants; for the actual existence of the relation of master and servant, between the plaintiff and her daughter, has been found by the jury, under instructions sufficiently favorable to the defendant. *Jones* v. *Brown,* 1 Esp. R. 217. *Blaymire* v. *Haley,* 6 M. & W. 56. 1 Chit. Pl. 143. In

this view, the consent of the daughter is immaterial, the gist of the action being the loss of services. The action, if maintainable at all, may be maintained by the mother, being a widow, the daughter being actually a member of her household, and her servant. *Andrews* v. *Askey*, 8 Car. & P. 7. *Jones* v. *Tevis*, 4 Litt. 25.

The fact, that the marriage is valid and indissoluble, and the wrong therefore irremediable, makes the case stronger; and in this view, evidence of the character and habits of the husband was competent to show the amount of damage.

Fraudulent conduct on the part of the defendant, whether practised upon the plaintiff herself, her daughter or third persons, is sufficient to entitle the plaintiff to recover, (damage being shown,) and it is immaterial how and upon whom the fraud operated. 2 Smith's Lead. Cas. (4th Amer. ed.) 146, Amer. note to *Pasley* v. *Freeman*.

The objection, that no cause of action was stated in the declaration, not having been raised by demurrer, is not now open to the defendant. *St*. 1852, *c*. 312, §§ 17, 21, 22.

Dewey, J. This action is certainly one of novel impression. The principles relied upon in support of it are not applicable to the case, or are themselves unsound. While it may be true, abstractly, that for every wrong there is a remedy, yet we well know that there are many social wrongs, deeply affecting the interest and happiness of the domestic circle, for which no legal redress or pecuniary damages can be demanded in a court of justice by those injured. The present case may be one of them. The laws of the land might have forbidden all marriages by females under the age of twenty one years, and declared all such marriages absolutely void. The state of the female under twenty one years of age might have been declared unqualifiedly a state of servitude to the parents, which nothing that she could do could dissolve. Under such a state of the law, the plaintiff might with some propriety assume, as the leading point in her case, that the action fell within the general principle of actions on the case for enticing away a servant.

But in the present state of the law on this subject, the right

of the parent to have and enjoy exclusively the services and society of her female child, till she arrives at the age of twenty one years, is upon a very different footing. The law of marriage entirely overrides the general principles of right of the parent to the services of the child, or the duties from one to the other as servant and master, by allowing the female child to terminate it at any moment after she arrives at the age of twelve years, by uniting herself to some one in marriage. If the marriage of the daughter was a legal act, from the time of its consummation the daughter was legally discharged from all further duties to perform service for her parent, having assumed new relations inconsistent therewith.

The only question therefore is, whether the marriage of the daughter was a legal one. That question has been already substantially decided in the case of *Parton* v. *Hervey,* 1 Gray, 119, which was a case of *habeas corpus* brought against the present plaintiff by Parton, the alleged husband, for imprisonment of the daughter and restraining her liberty. In that case it was decided that this marriage of the daughter with Parton, although she was only thirteen years of age, and although made without the consent of her parent, and in violation of the provision of the Rev. Sts. *c.* 78, §§ 15, 19, which prohibits magistrates or ministers, under a penalty, from solemnizing the marriage of a female under the age of eighteen years without the consent of her parent or guardian, yet was a valid marriage.

While it is true that ordinary contracts, if prohibited by a penal statute, are held illegal and invalid, yet in the case of marriage this principle has been, for sound and obvious reasons, disregarded, and the marriage held valid, notwithstanding the penalty incurred by those who should unite a female in marriage under eighteen years of age, without the consent of her parent or guardian.

This view of the case settles the question of the plaintiff's right to recover for loss of service of the daughter after such marriage took place, and indeed substantially decides the whole case.

It is however attempted to maintain the action upon the

ground that the defendant made a false and fraudulent repre‹ sentation to the town clerk, and thereby procured a marriage certificate for the daughter, and thus fraudulently deceived the magistrate who officiated at the marriage. Such fraud, if any existed, would furnish no cause of action for the mother, however it might be as to the other parties affected thereby. As a criminal offence, the fraudulently and deceitfully enticing away of any unmarried female, under the age of sixteen years, without the consent of her parent or guardian, for the purpose of effecting a clandestine marriage, is made severely punishable by *St.* 1852, *c.* 254. Town clerks are also, under a penalty, forbidden to issue any certificate of intentions of marriage to any female under eighteen years of age, except upon the application of the parent or guardian, or with their consent in writing. If these are not sufficient guards to prevent clandestine marriages, it will be for the legislature to make such further provision as they may deem useful.

In the opinion of the court, the proper instruction to the jury would have been, that the plaintiff was not entitled to maintain her action upon the case disclosed. This, we think, should have been done, although no demurrer had been filed under the provisions of *St.* 1852, *c.* 312, §§ 17, 21.     *Exceptions sustained.*